UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL LEE BARRIER,

                Plaintiff,

    v.

GRAYS HARBOR COUNTY
PROSECUTORS OFFICE,

                Defendant.

Case No. C23-5793-JNW-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Daryl Lee Barrier, proceeding *pro se*, is currently confined at the Washington State Penitentiary in Walla Walla, Washington. Plaintiff has submitted to this Court for filing: (1) an application to proceed *in forma pauperis* ("IFP") (dkt. # 4); and (2) a proposed § 1983 complaint (dkt. # 4-1).

The Court, having reviewed Plaintiff's submissions, the balance of the record, and the governing law, concludes Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's proposed complaint (dkt. # 4-1) and this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b). The Court further recommends that Plaintiff's application to proceed IFP (dkt. # 4) be DENIED as moot.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Plaintiff alleges in the single count of his proposed § 1983 complaint that his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process were violated by conditions at the Grays Harbor County Jail ("the Jail"), where he was confined pretrial. (Dkt. # 4-1 at 4-5.) In particular, Plaintiff claims that the lawyer-client visiting rooms at the Jail have "live feed" cameras that allowed officers at the Jail to hear his conversations with his lawyer. (*Id.* at 5.) Plaintiff identifies the Grays Harbor County Prosecutor's Office as the sole Defendant. (*Id.* at 3.) Plaintiff seeks damages of $250,000. (*Id.* at 9.)

## III. DISCUSSION

### A. Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

**B.    Analysis**

In this case, Plaintiff alleges § 1983 claims against the Grays Harbor County Prosecutor's Office for violating attorney-client confidentiality while Plaintiff was in pretrial detention at the Jail. (Dkt. # 4-1 at 4-5.) Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness

REPORT AND RECOMMENDATION - 3

of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Although Plaintiff's complaint does not directly challenge his conviction, the Supreme Court held in *Heck* that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed[.]" 512 U.S. at 487. Because it appears that a ruling in Plaintiff's favor on his asserted claim would undermine the validity of his current confinement, and because nothing in the record suggests that Plaintiff's underlying conviction has been invalidated in any fashion,[1] Plaintiff's claim is not cognizable in this action.

Moreover, even if Plaintiff could assert a viable § 1983 claim related to the alleged filming of attorney-client meetings, he has not shown how the Grays Harbor County Prosecutor's Office caused the harm alleged. Plaintiff has not identified any action by the Grays Harbor County Prosecutor's Office at all. In addition, prosecutors are immune from suit for prosecutorial actions. The United States Supreme Court has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

---

[1] Plaintiff indicates his conviction is on appeal, where he has raised the same issue of filming of attorney-client meetings. (*See* dkt. # 4-1 at 5.)

REPORT AND RECOMMENDATION - 4

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court may, however, deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because the claim identified by Plaintiff in his proposed complaint implicates a criminal conviction that has not been reversed, expunged, invalidated, or impugned by grant of a writ of habeas corpus, and is otherwise barred by prosecutorial immunity, this Court recommends Plaintiff's § 1983 action be dismissed without leave to amend.

### IV. CONCLUSION

The Court recommends: (1) Plaintiff's proposed complaint (dkt. # 4-1), and this action, be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a viable claim for relief under § 1983; and (2) Plaintiff's application to proceed IFP (dkt. # 4) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 17, 2023**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Jamal N. Whitehead.

//

Dated this 19th day of October, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge